Joseph Bakhos Esq,
**State Bar Number: 327036**
17221 E. 17th St., Ste #F
Santa Ana, CA 92705
Telephone: [714]-617-5868
Email Address: jbakhoslaw@yahoo.com
**Attorney for plaintiff**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GHADIRI,<br><br>  Plaintiff,<br><br>vs.<br><br>CRENSHAW LUMBER CO., a business entity; BEACON INVESTMENT CO., a business entity; OLSON INVESTMENTS LP, a limited partnership,<br><br>  Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF AMERICANS WITH DISABILITIES ACT; CALIFORNIA UNRUH CIVIL RIGHTS ACT; GENERAL NEGLIGENCE** |

Plaintiff ADAM GHADIRI ("Plaintiff") complains of defendants CRENSHAW LUMBER CO., a business entity; BEACON INVESTMENT CO., a business entity; OLSON INVESTMENTS LP, a limited partnership (all defendants collectively referenced herein as "Defendants") as follows:

## PARTIES

1. Plaintiff is a California resident with physical disabilities. He suffers from severe arthritis in his knees and back. He has been diagnosed with spinal stenosis and myelopathy (nerve damage). He has difficulty walking and uses a cane for long distance mobility. He suffers daily with pain that requires him to take pain medication. He has a California driver's license and drives for business activities and for his household errands. Plaintiff has a California handicap

1. parking placard that is prominently displayed in his vehicle.

2. Defendant CRENSHAW LUMBER CO., is a lumber shop and is located at 1860 W. 166th St. Gardena, CA 90247.

3. Plaintiff is informed and believes and on that basis alleges that defendant BEACON INVESTMENT CO., a business entity, is the business license holder of CRENSHAW LUMBER CO..

4. Plaintiff is informed and believes and on that basis alleges that defendant OLSON INVESTMENTS LP, a limited partnership, is the owners of the premises, building, and/or the land located at 1860 W. 166th St. Gardena, CA 90247.

5. Plaintiff does not know the true names of all possible defendants, their business capacities, their ownership connection to the property and the business, or their relative responsibilities in causing the access violations herein complained of, and plaintiff alleges a joint venture and common enterprise by all defendants. Plaintiff is informed and believes that each of the defendants is responsible in some capacity for the events and damages alleged or is a necessary party for obtaining appropriate relief. Plaintiff shall seek leave to amend the complaint to name and add other defendants when their identities are ascertained.

## JURISDICTION & VENUE

6. This court has subject matter jurisdiction over this action pursuant to 28 U.S. Code § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S. Code § 12101, et seq.

7. Pursuant to pendant jurisdiction, an attendant and related cause of action arising from the same nucleus of transactions is brought under California's Unruh Civil Rights Act (Civil Code §§51-52) which expressly incorporates the Americans with Disabilities Act.

8. Venue is proper in this court pursuant to 28 U.S. Code § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and Plaintiff's causes of action arose in the district.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

- 2 -

## FACTUAL ALLEGATIONS

9. Plaintiff went to CRENSHAW LUMBER CO. in or about May 5, 2021. When entering the parking lot, Plaintiff noticed there was no handicap parking space, no handicap parking sign, and no van access. The condition of the parking lot, therefore, denied Plaintiff, as a disabled person, full and equal access to the business and caused him difficulty and frustration in his attempts to consummate business there.

10. Failing to provide full and properly maintained access to the store amounts to a violation of the operative American with Disabilities Act Guidelines ("ADAAG"). Additionally, these violations demonstrate Defendants are not implementing any policy of upkeep so as to give disabled persons practical access to the given premises and services equal to the access enjoyed by non-disabled persons; this amounts to illegal discrimination against disabled persons who wish to patronize CRENSHAW LUMBER CO. as a place of public accommodation.

11. Plaintiff personally encountered violations of applicable legal obligations and standards that prevented him from full and equal access to convenient, safe, adequate, and appropriate facilities. Plaintiff would like to patronize this establishment again but cannot do so until the Defendants remove these barriers or obstacles to proper access equal for everyone and correct all violations of law. Plaintiff seeks to have all barriers and obstacles related to disabled persons remedied, whichever may exist, regardless of whether he personally encountered any of them. See Doran v. 7-11, 506 F3d 1191 (9th Cir 2007), holding that once a handicapped plaintiff encounters one barrier to equal access at a given site, he can sue to have all other barriers relating to his disability removed even if he did not personally encounter those barriers on the given occasion. Additionally, Plaintiff believes and alleges that Defendants' failure to remedy and remove the specific barriers (difficulties) to access for disabled persons, as mentioned in the Paragraphs above, is intentional because (a) these particular barriers are obvious, and (b) Defendants, jointly and severally, exercised full control and dominion over the conditions on the land and at the business at this particular location, and therefore the lack of and barriers to full equal access for disabled persons was not mere "accidental oversight", given that had Defendants

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

- 3 -

intended any other situation they had the means and ability to make the land and business fully compliant with the legal requirements mandated by the laws, as set forth in the causes of action below.

//

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990**
**(Against All Defendants (42 U.S. Code § 12101, et seq.))**

12. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

13. Defendants own, operate, lease from, or lease to a place of public accommodation commonly known as CRENSHAW LUMBER CO.. Under the ADA, it is an act of discrimination for any person(s) who owns, leases (or leases to), or operates a place of public accommodation to deny to disabled persons the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S. Code § 12182(a). U.S. Code § 12182(b) defines discrimination, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S. Code § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, …where such removal is readily achievable. See 42 U.S. Code § 12182(b)(2)(A)(iv). Barriers can be defined by reference to the ADAAG, found at 28 Code Federal Regulations, Part 36, Appendix D.

    c. A failure to design and construct facilities for first occupancy, if later than 30 months after July 26, 1990, that are readily accessible to and usable

4. For reasonable litigation expenses and costs of suit pursuant to 42 U.S. Code § 12205, Cal Civil Code § 52, and Cal Code of Civil Procedure § 1021.5. For reasonable attorneys' fees pursuant to 42 U.S. Code § 12205, Cal Civil Code § 52, and Cal Code of Civil Procedure § 1021.5, in the amount of $4,000.

5. For such other and further relief as the court deems just and proper.

Dated: 1/21/22

Joseph Bakhos, Esq.
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
- 7 -